IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHIRLEY COPELAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-04318-CV-C-NKL |
| | ) |
| ELI LILLY AND COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Pending before the Court are Defendant Howard R. Schwartz's ("Schwartz") Motions to Dismiss [Doc. # 10] or in the Alternative to Remand [Doc. # 11], as well as Plaintiff Shirley Copeland's ("Copeland") Motion to Remand [Doc. # 13] and Defendant Eli Lilly and Co.'s ("Eli Lilly") Motion to Stay All Proceedings Pending Transfer to the MDL Court [Doc # 19]. For the reasons set forth below, Schwartz's Motion to Remand will be granted.

**1.      Background**

This action is one of many filed in Missouri and elsewhere around the country involving Eli Lilly's prescription drug Zyprexa. Approximately 160 such cases have been filed in Missouri state courts to date, several of which have been removed to this Court. In many of these cases, the plaintiffs have joined the prescribing doctors as

1

defendants, almost all of whom are Missouri residents like the plaintiffs themselves. Thus, a preliminary issue in many of these cases is whether the prescribing physicians are proper defendants, or whether they have been fraudulently joined merely to defeat this Court's diversity jurisdiction.

In the instant case, Schwartz moves this Court to dismiss the present action against him for failure to state a claim, fraudulent joinder, and fraudulent misjoinder. In the event that he is not dismissed, both Schwartz and Copeland move that the case be remanded to state court for lack of removal jurisdiction since Schwartz is a citizen of the state in which the state case was filed and since both Schwartz and Copeland are citizens of the same state. As the Motions to Remand question this Court's jurisdiction, they must be considered before Schwartz's Motion to Dismiss since, in the absence of diversity, the Court would not have jurisdiction to consider the Motion to Dismiss.

Eli Lilly urges the Court to refrain from deciding the Motion to Remand pending the transfer of this case to the Multidistrict Litigation Court ("MDL") for Zyprexa cases before the Honorable Jack B. Weinstein in the United States District Court for the Eastern District of New York. Eli Lilly contends that the MDL court could more uniformly decide whether the doctors in all 160 Missouri cases have been fraudulently joined. It also cites a Second Circuit opinion from a case involving Agent Orange, in which that court held that pending jurisdictional questions did not preclude transfer to the MDL court where the jurisdictional issues could be consolidated and decided together. *See In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990). However, that case considered only whether the

2

MDL court had jurisdiction to decide pending jurisdictional issues. Plaintiffs who had lost their motions to remand sought a writ of mandamus blocking the transfer to the MDL court, arguing a lack of jurisdiction. The Second Circuit's holding, while approving of the consolidated resolution of jurisdictional issues before the MDL court, did not hold that jurisdictional issues must be decided by the MDL court, nor even that they were better decided there. *In re Ivy* says only that such issues may be decided by the MDL court.

Eli Lilly contends that a single MDL court resolution to the hundreds of pending motions to remand in cases around the country would promote judicial economy. This argument overlooks the fact that fraudulent joinder analysis, as will be discussed below, depends largely on whether the forum state would sustain a cause of action against the allegedly fraudulently joined defendant. Thus, there could be no single resolution of the fraudulent joinder issue by the MDL court since that court would be required to look at the separate law of each state from which one of its cases was transferred. The same alleged conduct supporting a cause of action against a physician in Missouri may not be sustained under Illinois law or vice versa. Far from fostering judicial economy, consolidation of motions to remand in the MDL court would require the U.S. District Court for the Eastern District of New York to consider not only the malpractice law of several states, but also the current law on fraudulent joinder from the several Circuit Courts of Appeals. A U.S. District Court in Missouri is in a much better position to

determine the law of the Eighth Circuit and of its forum state, both of which it routinely applies.

Moreover, resolution by this Court of the Fraudulent Joinder issue would actually promote judicial economy in the MDL. If this Court finds joinder is fraudulent, it will sever any non-diverse defendant physician before transfer, freeing the MDL court from delving into myriad jurisdictional issues involving Missouri state law. If this Court finds that the non-diverse physicians have not been fraudulently joined, it will remand the case to the only court with proper jurisdiction. In either event, the efficient resolution of other issues before the MDL court is advanced. Finding greater economy in the immediate resolution of the fraudulent joinder issue, this Court will deny Eli Lilly's Motion to Stay and rule on the pending Motion to Remand.

### 2. Fraudulent Joinder Analysis

The Eighth Circuit has held that when a state court case with non-diverse parties is removed to federal court, "the petitioner may avoid remand . . . only by demonstrating that the non-diverse party was fraudulently joined." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). That court articulated the standard for determining fraudulent joinder as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. . . . However, if there is a "colorable" cause of action–that is, if the state law *might* impose liability on the resident defendant under the facts alleged–then there is no fraudulent joinder. . . . [J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

4

*Id.* at 810 (emphasis in original) (internal quotations omitted). Moreover, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* at 811. Finally, "in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Public Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977).

The question before this Court, then, is whether Missouri law might impose liability on Schwartz for the conduct alleged in Copeland's petition. The malpractice claims against Schwartz charge that he should have known the risks of taking Zyprexa and that he should have warned Copeland of them when he prescribed the drug to her. In paragraph 12 of her petition, Copeland alleges that hundreds of reports were made to the FDA regarding adverse reactions to Zyprexa, including diabetes-related illnesses. *See* Compl. ¶ 12. She alleges that these reports were added to the FDA Medwatch database, *id.*, to which Schwartz could have had access. Thus, she has alleged that Schwartz could have discovered – and should have known – of Zyprexa's risks and should have adequately warned her of those risks. Compl. ¶ 34. Her complaint also avers that Schwartz was negligent in failing to adequately monitor Copeland as her glucose abnormalities developed and in failing to properly follow drug packaging information. Compl. ¶ 52. Finally, Copeland alleges in the alternative that if Eli Lilly did properly

5

inform Schwartz of Zyprexa's risks, then Schwartz was negligent in failing to properly evaluate, diagnose, and treat her side effects. Compl. ¶ 53.

Missouri law imposes on physicians a duty to monitor during the course of treatment. *See Silberstein v. Berwald*, 460 S.W.2d 707, 709 (Mo. 1970) (holding that Missouri law requires the physician "give heed to symptoms subsequent to an operation or treatment, and give or prescribe such method of treatment which the situation demand[s] and as would commend itself to the ordinary, prudent, careful, and skillful physician and surgeon . . . ."). The duty to monitor probably extends to a patient's use of a prescribed drug. Viewing the above allegations in the light most favorable to Copeland, the Court concludes that Missouri law might impose liability on Schwartz.

Even if Copeland's complaint does state a cause of action against him, Schwartz argues that joinder is still fraudulent because the complaint contains mutually exclusive pleadings. Specifically, Copeland avers first that Eli Lilly withheld information about Zyprexa from doctors; that Schwartz had a right to rely on Ely Lilly's statements, representations, and advertisements; and that Schwartz had no knowledge or reason to know of Eli Lilly's alleged failure to warn or its alleged misrepresentations. Later in her complaint, Copeland avers that Schwartz negligently prescribed Zyprexa and failed to warn Copeland of its health risks. Schwartz maintains that Copeland cannot possibly prevail against him because her allegations of his negligence are specifically negated by her allegations against Eli Lilly. By way of support, Schwartz cites a handful of District Court opinions, including one from Mississippi which held that a doctor had been

fraudulently joined in a products liability action involving the Merck drug, Vioxx, where the complaint alleged that Merck concealed the truth and yet also averred that the doctor had reason to know the truth anyway. *See Omobude v. Merck & Co.*, No. 3:03-CV-528LN, slip op. at 4 (S.D. Miss. Oct. 3, 2003).

It is true that Copeland's allegations against Eli Lilly and Schwartz are most likely incompatible: if Eli Lilly misrepresented the dangers of Zyprexa, then Schwartz was probably not negligent in failing to warn about those dangers. However, the Federal Rules of Civil Procedure permit pleading in the alternative. *See* Fed. R. Civ. P 8(e)(2) ("A party may also state as many separate claims or defenses as the party has regardless of consistency . . . ."); *see also Garman v. Griffin*, 666 F.2d 1156, 1159 (8th Cir. 1981). It is possible that discovery may yield evidence showing that Eli Lilly had warned Schwartz of the dangers of Zyprexa and that he was negligent in not transmitting such warnings to Copeland. Indeed, the inability of a plaintiff to know at the time of pleading which, if either, party is liable for her injuries is the reason alternative pleading is allowed.

Schwartz maintains, as did the Court in *Omobude*, that while the Federal Rules permit pleading in the alternative, they do not permit bare conclusory allegations. This may be true, but Copeland's complaint goes further than alleging that Schwartz should have known of Zyprexa's side effects, as was the case in *Omobude*. Copeland also alleges, for example, that Schwarz failed to diagnose the condition that allegedly resulted from taking Zyprexa, Compl. ¶ 34, failed to monitor Copeland after prescribing Zyprexa,

7

and failed to follow drug packaging, Compl. ¶¶ 52-53.  In *Omobude*, the Court distinguished several cases with similar allegations as not presenting fraudulent joinder. *See Omobude*, 3:03-CV-528LN, slip op. at 5, n.3 (citing *Hancock v. Bayer Corp.*, No. 3:03CV67WS (S.D. Miss. Apr. 15, 2003) (finding no fraudulent joinder where plaintiff alleged that physician committed numerous acts of negligence other than merely prescribing an allegedly defective drug, such as failing to timely recognize the plaintiff's adverse drug reactions, failing to monitor the plaintiff, and prescribing the drug in a manner inconsistent with the drug packaging)); *see also id.* at 6, n.3 (citing several more cases with similar allegations to the instant case in which no fraudulent joinder was found).

Because Copeland has alleged several independent sources of negligence on the part of Schwartz beyond simply that he had reason to know the drug was allegedly defective, the cases cited in Schwartz's Reply would counsel against a finding of fraudulent joinder in the present case.  Given the minimal requirements of notice pleading under the Federal Rules and the policy reasons for allowing alternative pleading, the Court does not believe that Copeland's allegations against Eli Lilly preclude her alternative allegations against Schwartz.  Therefore, the Court concludes that Schwartz has not been fraudulently joined.

### 3. Fraudulent Misjoinder Analysis

Finally, Schwartz argues that he was also fraudulently misjoined under Fed. R. Civ. P. 20 because the claims against him do not arise out of the same transaction or

8

occurrence as the claims against Eli Lilly.  Essentially, he argues that a products liability claim turns on the safety of the drug while the malpractice claim turns on the conduct of the doctor.  As such, Schwartz claims that the causes of action against him cannot be joined with those against Eli Lilly as a matter of law under Rule 20 because there are no common issues of law or fact.

The only support offered for Schwartz's position is a another District Court opinion from New York and a Virginia state trial judge's order, both of which held that products liability claims against drug manufacturers had been misjoined with negligence claims against the prescribing doctors.  In *In re Rezulin Prod. Liab. Litig.*, 2003 WL 21276425, No. 00 CV 2843 (S.D.N.Y. June 2, 2003), the District Court severed and remanded the defendant doctor from the federal case on the magistrate judge's report and recommendation that claims against the doctor for failure to monitor the patient for liver damage had "little if anything to do with" the claims against the manufacturer for defects in the drug.  *Id. at* *1.  In *Lee v. Mann*, 2000 WL 724046, No. LE-424-1 (Va. Cir. Ct. Apr. 5, 2000), the trial judge found without any explanation that actions against the doctor and a drug manufacturer did not arise out of the same transaction or occurrence.

This Court is not persuaded that the instant Defendants have been misjoined. Copeland has sued her doctor and the manufacturer of the drug that he prescribed for personal injuries allegedly resulting from her treatment with the drug.  Who, if anyone, is liable for those injuries may turn on whether Eli Lilly withheld information from Schwartz or whether Schwartz withheld information from Copeland.  Since Schwartz

9

could not have negligently withheld from Copeland that which was withheld from him by Eli Lilly, the chain of communication–and any breaks in it–from the drug manufacturer to the patient is a common issue of fact. Moreover, whether Schwartz's alleged failure to monitor or diagnose Copeland's side effects was negligent may turn on what information he was given by Eli Lilly about the drug's potential side effects. The Court, therefore, concludes that the claims against both Defendants arise from the same series of transactions or occurrences and  may be joined under Fed. R. Civ. P. 20.

### 4. Remand

As the Court has concluded that Schwartz is a proper defendant in this case, at least at this stage of the litigation, it must remand the case back to state court. Under 28 U.S.C. § 1441, a defendant in a state case may remove to U.S. District Court an action which could have been brought originally in District Court, but only if all the defendants agree to removal and none of them is a citizen of the state in which the state court suit was filed. Copeland originally filed this case in Greene County Circuit Court in Greene County, Missouri. Her case was removed by Eli Lilly by invoking this Court's diversity jurisdiction under 28 U.S.C. 1332. That removal was improper (1) because Schwartz did not consent to it, (2) because Schwartz, as a citizen of the state in which the state action was brought, cannot be removed to federal court under 28 U.S.C. § 1441, and (3) because the common Missouri citizenship among Copeland and Schwartz deprives this Court of its diversity jurisdiction. The case will, therefore, be remanded to state court for further proceedings.

10

Case 2:05-cv-04318-NKL     Document 22     Filed 12/22/05     Page 10 of 11

Accordingly, it is hereby

ORDERED that Defendant Eli Lilly's Motion to Stay All Proceedings Pending Transfer to the MDL Court [Doc # 19] is DENIED, and it is

ORDERED that Defendant Schwartz's Alternative Motion to Remand [Doc. # 11] is GRANTED. The above captioned case is REMANDED to the Greene County Circuit Court in Greene County, Missouri, and it is

ORDERED that Plaintiff's Motion to Remand [Doc. # 13] is DENIED as MOOT.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 22, 2005  
Jefferson City, Missouri